Jed W. Manwaring, ISB# 3040
EVANS KEANE LLP
1405 W. Main St.
P. O. Box 959
Boise, Idaho 83701-0959
Telephone:  (208) 384-1800
Facsimile:  (208) 345-3514
Email: jmanwaring@evanskeane.com

Bryon J. Benevento (Pro Hac Pending)
Kimberly Neville (Pro Hac Pending)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO, EASTERN DIVISION

| | |
|---|---|
| ROBERT LEACH, M.D., a Utah resident,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IDAHO NEPHROLOGY ASSOCIATES, P.L.L.C., an Idaho professional limited liability company, KIDNEY PHYSICIANS OF IDAHO, L.L.C., an Idaho Limited Liability Company, MICHAEL ADCOX, M.D., an individual, NAGRAJ NARASIMHAN, M.D., an individual, MICHAEL MALLEA, M.D., an individual, ROBERT DAVIDSON, M.D., an individual, NICHOLAS HUNT, M.D., an individual. and JON WAGNILD, M.D., an individual,<br><br>　　　　Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 1:07cv278<br>Judge B. Lynn Winmill |

　　　　Plaintiff Robert Leach, M.D. submits this memorandum in support of his motion for leave to file an amended complaint.

## INTRODUCTION

Plaintiff Robert Leach, M.D. is former resident of Pocatello, Idaho who was employed by Defendant Idaho Nephrology Associates ("INA") from approximately September 2005 to February 2007.  Dr. Leach accepted employment with INA because the defendants granted him a written option to purchase an equity interest in INA and its sister company, Kidney Physicians of Idaho, LLC ("KPI"), at the conclusion of his one-year term of employment.  Defendants, however, breached the employment contract, denied Dr. Leach his partnership interest, and sold the assets of KPI to a third-party buyer without his consent.  Dr. Leach brings this action to recover his share of the proceeds from the sale of KPI, as well as contract and tort-based damages arising from the defendants' wrongful conduct.

Dr. Leach filed his original complaint in this matter on June 22, 2007, alleging claims for breach of contract, interference with contract, and negligent misrepresentation, as well as claims for declaratory relief.  During the course of discovery, however, Dr. Leach has also learned of additional facts which would support recovery under additional legal theories, including common law fraud, securities fraud, conversion, constructive trust, and alter ego.  Dr. Leach seeks leave of Court to amend the complaint in order to add these additional claims.

Dr. Leach's request is brought prior to the Court's deadline for amendment of the pleadings, and will not result in any changes to the existing scheduling order.  Moreover, because defendants have not conducted any depositions to date, they will not be prejudiced in their ability to discover facts regarding the plaintiffs' alternative legal theories or to otherwise defend the action.  For these reasons, Dr. Leach requests that leave be granted, as contemplated by Rule 15(a).

## RELEVANT FACTS

1.	Dr. Leach is a board-certified physician who practices in the areas of nephrology, hypertension, and internal medicine.  On approximately July 1, 2005, Dr.

Leach entered into a one-year Employment Agreement with INA, in which he agreed to provide medical services to patients of INA's practice in the Pocatello area. See Employment Agreement, attached to Complaint as Exhibit A. In addition, Dr. Leach agreed to serve as the Medical Director of the Portneuf Nephrology Center (now known as GateCity Dialysis), a dialysis clinic located in Pocatello, Idaho. Id.

2.  Dr. Leach's Employment Agreement contains a "buy-in" provision which granted Dr. Leach the right to purchase an the ownership interest in INA and KPI after the completion of his initial one-year term of service. See Employment Agreement, ¶ 9. The buy-in provision was a critical factor in Dr. Leach's decision to accept employment with INA, and to relocate his family and his medical practice to Pocatello.

3.  During the negotiation of the Employment Agreement, Dr. Leach had numerous phone conversations, e-mail communications, and face-to-face meetings with Dr. Michael Mallea and other members of INA and KPI. See Proposed Amended Complaint. Dr. Leach was repeatedly told by the defendants that he would share in the ownership of INA and KPI, as well the dialysis centers owned by KPI. Dr. Leach was also told by the defendants that they would not sell the dialysis centers during his term of employment.

4.  During the course of discovery, Dr. Leach learned that the defendants were exploring options to sell the dialysis centers while they were engaged in negotiations with him, despite their prior representations to the contrary. Dr. Leach believes that these facts are sufficient to support a claim for securities fraud, common law fraud, and other tort claims.

5.  Dr. Leach filed a complaint against the Defendants on June 22, 2007. The defendants filed their answer on July 16, 2007.

6.  The Court-mandated deadline for amendment of the pleadings in November 1, 2007.

7. Defendants have not conducted any depositions to date, but have scheduled depositions for later this month. The parties have agreed to work cooperatively to complete discovery in a timely matter.

8. No trial date has been set at this time.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend their pleading after obtaining leave of Court, which "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). The federal courts have construed Rule 15(a) quite liberally, finding that the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Nunes v. Aschcroft, 375 F.3d 810, 813 (9th Cir. 2004) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). Thus, leave should be granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant …." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

In this case, there are no extenuating circumstances that would prevent this Court from granting Dr. Leach leave to amend his complaint. As indicated above, the proposed amendment does not add any additional parties. The new factual allegations are consistent with the tenor of the initial allegations in the complaint and do not materially change the issues in dispute. Rather, the purpose of the amendment is conform the pleadings to the testimony which has already been elicited from the defendants during discovery and to advance alternative legal theories for Dr. Leach's recovery. Dr. Leach does not anticipate conducting any additional discovery to support his claims, and can prosecute his claims within the time frame set forth by the existing scheduling order.

Moreover, there will be no prejudice to the defendants if leave to amend is granted. Defendants have not conducted any depositions yet, and will be able to fully examine Dr. Leach regarding the basis for his claims. In addition, the majority of the factual support for the fraud, constructive trust, and alter ego claims was derived directly

from the defendants' deposition testimony and documents produced during discovery, which defendants have had access to since the onset of the litigation.  Defendants will not suffer any prejudice or disadvantage if leave is granted under these circumstances.

Finally, there is no dilatory motive or delay in brining this motion at this juncture. The scheduling order provides that the pleadings may be amended through November 1, 2007.  Dr. Leach has timely sought amendment prior to the stipulated deadline and within three weeks of conducting the defendants' depositions.  Dr. Leach intends to comply with the existing scheduling order originally agreed upon by the parties.

## CONCLUSION

Based on the foregoing, Dr. Leach requests that he be granted leave to file his Amended Complaint.

DATED this 31st day of October, 2007.

/s/ Jed W. Manwaring
Jed W. Manwaring
Evans Keane LLP

Bryon J. Benevento
Kimberly Neville
Snell & Wilmer, LLP

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2007, I caused and true and correct copy of the foregoing to be sent via U.S. Mail, electronic mail, and it was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert B. White, Esq.
Givens Pursley, LLP
P.O. Box 2720
601 W. Bannock St.
Boise, Idaho  83702

B. Newal Squyres
Holland & Hart
Suite 1400, US Bank Plaza
101 SouthCapitol Blvd.
P.O. Box 2527
Boise, Idaho  83701-2527

/s/ Jed W. Manwaring