IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEACH, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IDAHO NEPHROLOGY ) <br> ASSOCIATES, PLLC; KIDNEY ) <br> PHYSICIANS OF IDAHO, LLC; ) <br> MICHAEL ADCOX; NAGRAJ ) <br> NARASIMHAN; MICHAEL ) <br> MALLEA; ROBERT DAVIDSON; ) <br> NICHOLAS HUNT; and JON ) <br> WAGNILD, ) <br> ) <br>     Defendants. ) <br> ) | Case No. CV-07-278-S-BLW <br><br> **ORDER** |

Pending before the Court is Plaintiff's Motion to Change Venue to Eastern Division (Docket No. 11) to which Defendants have filed a Response (Docket No. 17) opposing the Motion.  In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Therefore, having carefully reviewed the record, the Court enters the following Order denying the Motion.

**PROCEDURAL BACKGROUND**

**Order - 1**

On June 22, 2007, Plaintiff, a resident of the State of Utah, filed the Complaint herein, based solely on diversity of citizenship, against two limited liability corporations and six individual Defendants, all doing business in and residents of the State of Idaho. The individual Defendants ("Defendant Physicians") are members of Defendant Idaho Nephrology Associates, P.L.L.C. ("INA") and Defendant Kidney Physicians of Idaho, L.L.C. (" KPI"). The Complaint alleges several causes of action arising out of a business arrangement with Defendants.

Plaintiff apparently intended to file the Complaint in the Eastern Division of the District Court. However, the case was assigned to the Southern Division. He contends that the Complaint would have been filed in the Eastern Division were it not for a "technical glitch" in electronic filing in which his assistant chose the Boise "office" rather than the Pocatello "office" on the Case Opening Screen of the CM/ECF system. He further contends that the error was compounded by the Docket Clerk's assigning the case to the Southern Division based on the addresses of the Defendants rather than to the Eastern Division as designated in the caption of the Complaint. Upon discovering that the case had been assigned to the Southern Division, Plaintiff filed the pending Motion to Change Venue to the Eastern Division.

**Order - 2**

In reliance on 28 U.S.C. § 1391(b), Plaintiff contends that venue is proper in the Eastern Division because a substantial part of the events or omissions giving rise to the claim arose in Eastern Idaho, specifically Pocatello.[1]  Defendants object to the Motion on the grounds that the two corporate Defendants have their principal place of business and maintain records in Boise, five of the Defendant Physicians reside and work in Ada County, and one of the Defendant Physicians resides and works in Twin Falls County, Idaho, making the Southern Division the more convenient forum, the relevant consideration under 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

Plaintiff is a physician specializing in the treatment of kidney disorders and diseases otherwise known as nephrology.  He entered into a one-year Employment Agreement with INA in July, 2005, under which he agreed to provide medical services to and to supervise dialysis treatments involving INA's patients in the Pocatello area and to serve as the Medical Director of the Portneuf Nephrology Center in Pocatello.

Plaintiff alleges that Defendants induced him to accept employment in Pocatello by granting him the right to "buy-in" to the ownership interest of INA

---

[1] Although Plaintiff cites § 1391(b), it appears that the relevant provision is § 1391(a) which applies to actions wherein jurisdiction is based only on diversity of citizenship.

**Order - 3**

and KPI after completion of the one-year term of employment. Following the expiration of the contract, Plaintiff continued to work for several months on an at-will basis until he resigned on February 15, 2007. However, Defendants allegedly refused to honor the buy-in option of the Employment Agreement.

The Employment Agreement also contained a non-compete clause restricting Plaintiff from either practicing medicine or participating in the operation of a dialysis clinic for five (5) years within a 125-mile radius of Pocatello. Plaintiff has since moved to Ogden, Utah, and plans to practice medicine and participate in the operation of dialysis centers in Northern Utah. Defendants contend that to do so would violate the non-compete clause.

Plaintiff's causes of action include (1) declaratory judgment that the covenant not to compete provision of the employment contract is void; (2) declaratory judgment that the covenant not to compete is unenforceable due to prior material breach; (3) breach of the employment contract; (4) interference with prospective economic relations; and (5) negligent misrepresentation.

## DISCUSSION

**A.     28 U.S.C. § 1391**

The general venue statute provides in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise

**Order - 4**

> provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). As stated above, Plaintiff contends that venue should be in the Eastern Division because the acts and omissions giving rise to the claim arose in Pocatello. He further contends that evidence regarding the reasonableness of the non-compete clause will address the Pocatello nephrology market and that several third-party witnesses, former patients, and records are in Pocatello.

By its terms, § 1391 refers to districts and not divisions. See *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp.2d 1123, 1125-26 (N.D. Iowa 2000) (because § 1391(a) establishes proper venue in terms of *districts* rather than *divisions*, venue requirements of § 1391(a) are satisfied if action is filed in proper *district*). Obviously, the District of Idaho was the proper district within which to file the Complaint. Therefore, the requirements of § 1391(a) have been met, and the statute becomes irrelevant for purposes of divisional venue. In other words, the fact that a substantive part of the events or omissions occurred in Eastern Idaho is not controlling.

**Order - 5**

### B.     Local Rules

The District of Idaho is comprised of four divisions, each of which covers certain specified counties.  D. Idaho L. Civ. R. 3.1.  The Local Rules do not provide a procedure for filing within a particular division.  Rather, Rule 3.1 clearly states that "[c]ases that have venue in one of the above divisions will be assigned *by the Clerk* upon the filing of the Complaint or petition to the appropriate division, unless otherwise ordered by the presiding judge."  *Id.* (emphasis added).  It is the policy of the Court that the Clerk of Court assign a case to the division in which the defendant resides which is determined from the address provided by the plaintiff.[2]  The case was not assigned to the Southern Division because of an administrative oversight as Plaintiff contends.  *See Reply* at 5 (Docket No. 19).  Rather, Plaintiff did not have the option of choosing the division in which he wanted the Complaint filed or the case heard.

### C.     28 U.S.C. § 1404

---

[2] The Case Opening Screen on the CM/ECF system clearly states that the first step is to select the correct divisional office.  Users are then advised that the office is determined by (1) the county of the defendant, or (2) if the defendant is out-of-state, the county of plaintiff; or (3) if neither 1 or 2 apply, the county in which the incident occurred occasioning the law suit.  Even if Plaintiff's counsel's assistant had chosen the Pocatello Office rather than the Boise Office on the Case Opening Screen, the case would have been assigned to the Southern Division during the quality control check performed by the Docket Clerk.  Furthermore, even if counsel had physically carried the Complaint to Pocatello for filing, it still would have been assigned to the Southern Division.

**Order - 6**

Notwithstanding local rules, courts may transfer a civil action for the convenience of parties and witnesses to any district or division where it might have been brought. *See* 28 U.S.C. § 1404(a). Also, by motion, consent, or stipulation of all parties, a civil action may be transferred in the discretion of the Court to any other division in the same district. 28 U.S.C. § 1404(b). By its terms, the only relevant consideration is the convenience of the parties and the witnesses. However, as shown below, courts often consider other factors. The burden is on the party requesting the transfer to show that the balance of conveniences heavily favors the transfer. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (moving party must make strong showing of inconvenience to warrant upsetting plaintiff's choice of forum); *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992) (party seeking transfer has burden of proving that existing forum is inconvenient); *Munoz v. UPS Ground Freight, Inc.*, 2007 WL 1795696 at *3 (N.D.Cal. June 20, 2007) (plaintiff must show that the Eastern Division is a substantially superior forum). The Court has considerable discretion in deciding a motion to transfer after considering multiple factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 US 22, 29 (1988)).

The Court notes that most of the cases construing § 1404(a) involve a

**Order - 7**

*defendant*'s motion for transfer between *districts* as opposed to a *plaintiff*'s motion for transfer between *divisions*. Relevant considerations in interdistrict transfers often are not applicable to interdivision transfers. Nevertheless, they provide guidance to the Court.

In deciding whether to transfer to another district, the Ninth Circuit has cited several factors the Court may consider:

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. (Citation omitted.)

*Jones,* 211 F.3d at 498-99. Other courts have suggested various other considerations. *See, e.g., Decker,* 805 F.2d at 843 (convenience to the parties, convenience to the witnesses, ease of access to the evidence, familiarity of each forum to the applicable law, feasibility of consolidation with other claims, and any other practical issues); *Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango,* 464 F.Supp.2d 1095, 1098 (D.Colo. 2006) (plaintiff's choice of forum; convenience of the witnesses; accessibility of witnesses and other

**Order - 8**

sources of proof; possibility of obtaining a fair trial; and all other considerations of a practical nature that make a trial easy, expeditious, and economical); *United States v. Brown University*, 772 F.Supp. 241 (E.D.Pa. 1991) (defendant's residences, residence of potential witnesses, situs of events giving rise to the lawsuit, location of records and documents, and other practical considerations).

Here, Plaintiff's choice of forum is entitled to little weight.  By choosing the District of Idaho as his forum, he became subject to its Local Rules which set divisional venue in the Southern Division.  By its terms, § 1404(a) allows transfer to any other division where it may have been brought.  Plaintiff could not have brought this action in the Eastern Division.  Nonetheless, the Court accords some consideration to Plaintiff's desire to have the case heard there.

Turning to other factors, it is clear that, regardless of the assigned division, the same Court will hear the case and will be familiar with Idaho law.  The Court does not know where the agreement was negotiated but notes that Defendants' address is listed in the Agreement as Boise and Plaintiff's address is listed as Colorado.  Although Plaintiff states that records are in Pocatello, Defendants' affidavit states that its records are in Boise.  *See Affidavit of Julia Beard*, at p. 2 (Docket No. 18).

Regarding witnesses, although Plaintiff states that former patients are in

Order - 9

Pocatello, the Court is unsure of the relevance of their testimony. The Court recognizes that witnesses will be needed on each side to address the Pocatello market. However, it does not necessarily follow that those witnesses will be from Eastern Idaho. Although Plaintiff contends that third party witnesses will be from the Pocatello area, he does not identify them or state how many such witnesses there will be.

When considering the convenience of witnesses, the courts "usually require the party seeking transfer designate: (1) the key witnesses to be called, (2) where these witnesses are located, (3) a general statement of what their testimony will cover, and (4) why such testimony is relevant or necessary." *Munoz*, 2007 WL 1795696, at *4 (citation omitted). Courts should consider both the number of witnesses on each side and the relative importance of their testimony. *Deatly v. Howard*, 2007 WL 2463297 (W.D.Wash. August 27, 2007) (citations omitted). Plaintiff has not provided any of that information.

## CONCLUSION

After due consideration, the Court finds that Plaintiff has not met his burden of demonstrating a strong showing of inconvenience to justify transferring divisional venue to the Eastern Division. Therefore, the Court finds that the Southern Division is the appropriate divisional venue for this case. Sheer numbers

**Order - 10**

dictate that result.  The convenience of the six Defendant Physicians clearly outweighs the inconvenience to one Plaintiff.  The expense of six Defendants traveling to Pocatello for hearings or trial far exceeds the expense of one Plaintiff traveling to Boise.  The attorneys for all Defendants are located in Boise.  Although Plaintiff has engaged Utah counsel to represent him in this action, local counsel for Plaintiff is located in Boise and not in Pocatello.  Furthermore, Defendants' business records are maintained in Boise.  As for witnesses, the Court notes that most of the causes of action would appear to involve only party witnesses.  While there are likely to be some witnesses from eastern Idaho, the Court does not have enough information on which to properly evaluate this factor.

On balance, it appears that the considerations of convenience favor retaining the case in the Southern Division.  Inconvenience will result to one party or the other regardless of the divisional venue.  To transfer venue here would simply result in transferring the inconvenience rather than substantially alleviating the inconvenience to one party.  See Decker, 805 F.2d at 843 (transfer would merely shift rather than eliminate inconvenience to witnesses).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Change Venue to Eastern Division (Docket No. 11) is DENIED.



DATED: **October 31, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 12**